IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 c 6182 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| BENJAMIN RAATZ, HAYLEY MULTER | ) | |
| RAATZ, KATHLEEN C. CHAVEZ, | ) | District Judge Edmond E. Chang |
| GABRIEL CHAVEZ, 1034 WEST | ) | |
| ALTGELD PROPERTIES, LLC, JEFFREY | ) | |
| FUNKE, and FUNKE DESIGN/BUILD, | ) | |
| INC., a/k/a FUNKE DESIGN BUILD, LLC | ) | |
| and/or FUNKE DESIGN/BUILD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Susan E. Cox, Magistrate Judge

There are two motions currently pending in this case, both involving the same basic discovery dispute. The first, filed by plaintiff, Nautilus Insurance Company ("Nautilus"), requests the Court limit discovery by specifically precluding a deposition of the company's representative. The second motion, filed by the defendants Gabriel Chavez, Kathleen C. Chavez, and 1034 W. Altgeld LLC, seeks answers to several interrogatories and production requests, also involving essentially the same discovery topic. Nautilus's motion is denied [dkt 110] and defendants' motion is granted in part and denied in part [dkt 112].

**I.     Plaintiff's Motion for Protective Order Precluding Deposition Under Rule 30(b)(6) of The Federal Rules of Civil Procedure -  #110**

In this motion, plaintiff, Nautilus Insurance Company ("Nautilus"), claims that this Court should preclude defendants Benjamin Raatz and Hayley Multer Raatz ("Raatz family") from seeking

to depose any Nautilus representative on how a specific claim, in an underlying insurance action, was handled. Specifically, plaintiff claims that because this case is a declaratory judgment action seeking a determination as to whether it has an obligation to defend and indemnify its insured - based only on the known loss doctrine - any issues involving claims handling is irrelevant.

A bit of background is first helpful. The current defendants in this action include: (1) the Raatz family, who purchased a new construction, luxury home, in July 2006 for $2,500,000; (2) 1034 W. Altgeld LLC, Gabriel Chavez, and Kathleen C. Chavez (collectively "sellers"), who sold the home to the Raatz family; and (3) Funke Design-Build, Inc., Funke Architects, Inc., and Jeffrey Funke (collectively "Funke"), who oversaw all aspects of designing and building the home, and acted as the general contractor for the project. The plaintiff in this case, Nautilus, became involved when Funke purchased an insurance policy from it effective from November 2, 2007 to November 2, 2008.

As outlined in the complaint, in October 2006, at the closing, the Raatz family and the sellers entered into an agreement because certain construction was not yet complete on the home. That agreement outlined the work still to be performed, a guarantee that the sellers would satisfactorily complete the work, and included a date by which the work would be done ("warranty agreement"). When the work did not get completed, the Raatz family commissioned expert evaluations on the deficiencies, yet the work still did not get completed. The Raatz family then filed a lawsuit in state court against the sellers and Funke. Thereafter, the sellers filed a counterclaim against Funke alleging that any defects in construction, or property damage that resulted therefrom, was because of the negligent failure of Funke. Funke then tendered the lawsuit to Nautilus for defense and indemnity.

Thereafter, Nautilus filed the present case requesting a declaratory judgment that Nautilus has no duty to defend Funke. Nautilus alleges here - in this declaratory suit - that prior to the insurance policy's inception, Funke had the warranty agreement setting forth all the construction defects that needed to yet be completed on the home. According to Nautilus, this means that Funke knew, or should have know, that a loss would occur with respect to the work on the home. Nautilus thus alleges that the known loss doctrine would preclude any coverage or potential coverage for Funke.

With respect to the present motion, Nautilus opposes the Raatz family's request to depose a representative of Nautilus who has the most knowledge regarding the claim file. Since filing the motion, however, Nautilus has agreed that defendants are entitled to depose a Nautilus underwriting representative. Citing to *Outboard Marine Corporation v. Liberty Mutual Insurance Company*,[1] Nautilus concedes that defendants may inquire whether Nautilus agreed to insure the Raatz family claims, despite Funke's possible knowledge of any potential losses. Specifically, Nautilus agrees to a deposition with the following categories of topics:

- whether Nautilus communicated with an agent of Funke prior to the purchase of the policy;
- What information was exchanged between the agent of Funke and Nautilus;
- What Nautilus knew at the time of the purchase of the policy;
- Foundation for the policy;
- Information relating to the application for the purchase of the policy (when completed, by whom, etc);
- Whether Nautilus intended to cover the alleged known loss or potential loss

But Nautilus still objects to any deposition involving the interpretation of the policy terms as it relates to a denial of coverage or the topic of its failure to defend Funke, and also objects to the

---

[1] 154 Ill.2d 90, 103 (1992).

topic of investigation of the claim, and who had knowledge of the alleged loss.

When analyzing the known loss doctrine, "[t]here is no bright-line test to determine whether and at what point in time the insured knew or had reason to know of the substantial probability of the loss at issue."[2] Rather, courts assess the issue on a case-by-case basis and first determine if fact questions exist as to the insured's knowledge. Then the issue is a question for the court to decide.[3] But the ultimate issue of whether the known loss doctrine applies is not before us here. We are only to analyze the more broad standard of discovery, and whether the deposition should be limited, pursuant to Federal Rule of Civil Procedure 26(c)(1), based on Nautilus's objection as to relevance.[4]

Nautilus asserts that the person with knowledge as to how the claim was handled, or investigated, will not relate in any way to the issue of known loss, and because that is the *only* question presented in this case, we should limit discovery. Defendants simply respond that they should be able to learn the specific reasons for Nautilus's potential denial of coverage (because, as Nautilus submits, it has not yet denied coverage). Defendants also contend that because Nautilus is relying solely on the warranty agreement as support for its known loss argument, defendants need to know what specific damage Nautilus claims flowed from the items on the warranty list that lead it to believe the insured, Funke, knew or should have known a loss would occur. Defendants believe Nautilus's claims handler would have this information because it was required to perform a good faith evaluation of the claim.

We agree. Discovery is broad. Nautilus is correct that the present issue before the Court is narrow and, if known loss was the only defense to coverage that Nautilus was ever planning to

---

[2] *Outboard Marine Corp.,* 154 Ill.2d at 104.
[3] *Id.*
[4] Fed.R.Civ.P. 26(b)(1)(providing that discovery is allowed on "any matter, not privileged, that is relevant to the claim or defense of any party.").

assert, their position here would be more persuasive. Should Nautilus lose this suit, however, we doubt Nautilus would limit its defense to only the known loss doctrine. So to limit discovery to such a distinct issue now would only be moving the inevitable questions that defendants want to ask here, to several months from now.

II.  **Motion for Ruling on Plaintiff's Objections to Written Discovery Requests and for Ruling on Plaintiff's Claim of Privilege - #112**

This motion, filed by the sellers, seeks discovery responses from Nautilus to several interrogatories and addresses numerous requests for production. Having outlined the background of the case above, we will move directly to the specific issues in dispute.

**Interrogatory No. 7**: *Identify the person most knowledgeable from Plaintiff corporation in regard to this cause of action and the issues raised in Plaintiff's Second Amended Complaint.*

Here, again, Nautilus argues that because the suit pending only seeks judgment on whether its insured, Funke, knew or should have known of a loss prior to the insured period, any individual from Nautilus with claims handling or coverage evaluation knowledge would be irrelevant. In other words, Nautilus asserts that because it has the burden to show that Funke knew or had reason to know at the time it purchased its insurance that claims related to a particular risk would likely be made, it is only the *insured's* knowledge that is relevant. As noted above, Nautilus agrees that the one issue relevant to Nautilus, and its knowledge, is whether the parties agreed to insure the risk despite the insured's knowledge of a possible loss. (But because Nautilus already produced the underwriting file, it believes that issue has been addressed).

Defendants argue that it is certainly possible that some of the actions that the Raatz family alleged caused the damage were not, in fact, those related to what was listed in the warranty

agreement. Instead, defendants claim that perhaps some damage pre-existed the issuance of the insurance policy. If that is the case, defendants believe that they should be entitled to learn the identity of the persons employed by Nautilus who were involved in that analysis.

As we ruled above, under Rule 26 relevancy is analyzed broadly in discovery disputes. Relevant information may not even be admissible at trial, yet it is still discoverable. The information sought must simply be "relevant to any party's claim or defense."[5] Who, at Nautilus, analyzed the Funke's claim to determine coverage eligibility is, therefore, certainly within the purview of relevance in a case where coverage is at issue. Here, Nautilus has also failed to show how providing the identity of this individual would be particularly burdensome, which is required when relying on Rule 26(c)(1).

**Interrogatory No. 8**: *Identify each and every person who participated in the decision to deny coverage to any Funke entity.*

**Interrogatories Nos. 9 and 14**: Both of these interrogatories seek the identity of documents that Nautilus considered in denying coverage.

As we have noted, Nautilus's position is that it has not denied coverage to any Funke entity. It, instead, filed this declaratory action. And because defendants cannot ask if Nautilus "made the right 'decision'" to file this lawsuit, Nautilus argues that their objection to these interrogatories should also be sustained.

Similar to Interrogatory number 7, we again find that because the scope of relevant information may go beyond the specific arguments proffered by Nautilus, and because there has been no showing of a particular burden to Nautilus in providing this information, its objection here

---

[5] Fed.R.Civ.P. 26(b)(1).

is overruled.

**Interrogatories Nos. 17 -**18: These interrogatories seek information on other insureds, within the last five years, for which Nautilus denied coverage on this same basis, the known loss doctrine, and whether litigation resulted.

**Interrogatory No. 19**: *Indicate whether Plaintiff has been found to have acted in bad faith in reference to the denial of coverage for any insured for any reason with in the last ten years prior to the denial of coverage in this case.*

**Interrogatory Nos. 20-21**: Both of these interrogatories request information, within the last ten years, on those cases where Nautilus was found to have acted in bad faith, and any currently pending claims where an insured alleged a denial of coverage was made in bad faith.

Here, Nautilus argues that it should not be forced to "rummage through" its entire inventory of claim files to satisfy defendants. Nautilus also questions what defendants would do with this information, were it to provide it. Nautilus notes that even if it has asserted the known loss doctrine in other cases, such knowledge would not help defendants show that somehow Nautilus was intended to cover a known loss suffered by Funke.

In support of these interrogatories, defendants rely on their eighth affirmative defense. In that defense, defendants assert that the warranty agreement (or punch list, as they refer to it) does not establish that Funke knew or should have known a loss would occur. Their defense, therefore, argues that they are entitled to sanctions under Federal Rule of Civil Procedure 11(b)(2) and (3) because this lawsuit is only unreasonably delaying coverage. The affirmative defense also asserts a claim under Section 155 of the Illinois Insurance Code. This defense, they argue, then supports their interrogatory requests because if other insureds's claims were treated differently, but were similar to this case, such would show Nautilus did not act in good faith here.

It should be briefly noted that Nautilus attacks defendants' eighth affirmative defense as improper. First, it does so on the basis of timeliness. But as stated by defendants, they were allowed

amendments to pleadings up through September 30, 2010 and filed the affirmative defense one day prior. They were, therefore, within the time limits for filing this defense. Nautilus also argues that the defense cannot be relied on by defendants because it is not legally cognizable for several reasons. Principally, defendants assert that by filing an affirmative defense pursuant to Rule 11, defendants failed to follow the procedures required for Rule 11 sanctions. In essence, Nautilus claims a party cannot file for Rule 11 sanctions via an affirmative defense because several steps must first be followed, such as filing a separate motion.[6]

Though we agree that this defense does not fit the generally accepted definition of an affirmative defense, which is "something that generally admits the matters in a complaint but suggests some other reason why there is no right of recovery,"[7] we need not rule on its appropriateness here to address the proper breadth of discovery. Putting aside any possible procedural problem, we find this kind of "bad faith" discovery sought by defendants to indeed be overly burdensome and, at this time, irrelevant to the larger coverage issue. Nautilus's objections to Interrogatories 17-21 are, thus, sustained.

**Interrogatory No. 22**: *Identify with specificity each and every basis, whether found in case law or statute or otherwise, which would support Plaintiffs position that the existence of a punch list of items that required further attention on a construction job site constituted notice that a future property loss claim of damage would occur, or was likely to occur.*

Defendants have clarified in their motion that with this interrogatory they are seeking any case law or statute upon which Nautilus "is relying." Nautilus, nonetheless, argues that this interrogatory is improperly requesting legal conclusions and now, attorney work product. As drafted, we agree. Nautilus's objection to interrogatory number 22 is sustained.

---

[6]*See* Fed.R.Civ.P. 11(c).
[7]*Bobbitt v. Victorian House, Inc.* 532 F.Supp 734, 736 (N.D. Ill. 1982).

**Interrogatory No. 23**: *Identify the name and address of each lay witness who will testify at trial.*

Depositions were apparently set to be completed by November 30, 2010. But, as defendants argue, because Nautilus refuses to state who it intends to call at trial, defendants have no knowledge of who to depose. Nautilus admits that it has not committed to a list of witnesses who will testify at trial because, it argues, it has the right to complete discovery first (essentially, it wants to complete the depositions of Mr. Funke and the Raatz family first, before it will make its determination).

Nautilus cannot condition discovery on obtaining discovery from defendants first. It must disclose all known witnesses now. Nautilus of course, as it noted, is able to supplement its disclosures in the future as well.

**Request for Production No. 6:** This request seeks documents Nautilus relied upon in determining that coverage should not be extended to Funke.

Here, again, Nautilus states that it has not denied coverage to Funke. It further explains that it will modify its privilege log to reflect the correspondence from Nautilus's coverage counsel analyzing whether the Nautilus policy covers the underlying lawsuit, as that had been inadvertently omitted. Apparently, this has satisfied defendants, so no further discussion or ruling is required.

**Request for Production Nos. 11-14**: Theses requests seek copies of all pleadings and other documents evidencing prior claims and/or litigation based on plaintiff's extra-contractual defense based on the known loss doctrine.

Nautilus proffers the same argument: either the known loss doctrine precludes coverage here or it does not. But, Nautilus argues, what occurred in other cases bears no relevance here. In contrast, just as defendants argued above, they believe their eighth affirmative defense supports this

discovery. Essentially, defendants claim this information is relevant to pursue discovery as to the good faith, or lack thereof, exercised by Nautilus in denying this claim. As noted above, we find it more prudent to focus on the larger issue of coverage at this time, which has no relevance to prior cases or the issue of Nautilus's handling of other claims. Nautilus's objection to this interrogatory is, therefore, sustained.

**Privilege Log**

In their motion defendants also mention deficiencies in the privilege log proffered by Nautilus. The motion, however, does not specify what remains problematic, other than to say that under the Rules they are entitled to a proper and complete privilege log. Nautilus, in response, explains that several redacted documents are those of a proprietary nature, which include rate calculations, commission calculations, and fee information. But then Nautilus also claims that this is not even discovery sought by defendants. With only this limited information, we find it nearly impossible to rule on the completeness, or lack thereof, of Nautilus's privilege log.

**III. Conclusion**

Nautilus's Motion for Protective Order Precluding Deposition Under Rule 30(b)(6) of The Federal Rules of Civil Procedure is denied [dkt 110] and defendants' Motion for Ruling on Plaintiff's Objections to Written Discovery Requests and for Ruling on Plaintiff's Claim of Privilege is granted in part and denied in part [dkt 112]. Further status set for January 19, 2011 at 9:30a.m.

**IT IS SO ORDERED.**

**ENTERED:** January 12, 2011

_____
**UNITED STATES MAGISTRATE JUDGE**
Susan E. Cox